UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JENNIFER PATILLO-RANSOME, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | Civil Action<br>No. 25-3956 (KMW-EAP) |
| v. | |
| JORGE R. GONZALEZ-MARTINEZ, | MEMORANDUM OPINION AND<br>ORDER |
| Defendant. | |

THIS MATTER comes before the Court by way of Plaintiff Jennifer Patillo-Ransome's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") pursuant to 28 U.S.C. § 1915(a)(1); and

THE COURT NOTING that, having reviewed Plaintiff's IFP Application, Plaintiff declares that she has a monthly income of $1030.00 from disability, child support, and other payments, and has approximately $300.00 in expenses per month.  IFP Application ¶¶ 1, 8. Plaintiff asserts that she does not have other liquid assets, nor does she have a spouse to contribute income or share in expenses, nor does she have any dependents.  *Id.*  Plaintiff further avers that she is currently unemployed and will be undergoing knee replacement surgery in the near future, impacting her ability to pay for the costs of proceedings.  IFP Application ¶ 11.

WHEREAS, the Third Circuit has held that an application to proceed without paying filiing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted); and

WHEREAS the Court notes that although a person "need not be absolutely destitute to proceed in forma pauperis," Plaintiff must nonetheless, "establish that [she] is unable to pay the costs of [her] suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016); and

THE COURT FINDING that because Plaintiff's monthly expenses do not exceed her income, Plaintiff has failed to demonstrate that she cannot pay the costs of litigation, and thus the Court denies the IFP Application.

Pursuant to 28 U.S.C. §1915(e)(2)(B), the Court is to review Plaintiff's Complaint and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is dismissed for failing to establish jurisdiction.

WHEREAS, Federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEILife, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024). To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Id.* at *1 n.2. To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Id.*

2

To determine an individual's citizenship the Court is to look at the individual's domicile. "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever [s]he is absent, [s]he has the intention of returning." *Vlandis v. Kline*, 412 U.S. 441, 454 (1973). When determining an individual's domicile, a court can consider several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business, the location of brokerage and bank accounts, the location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration. *See McCann v. George W. Newman Irrevocable Trust*, 458, F.3d 281, 286 (3d Cir. 2006).

Here, Plaintiff asserts that Plaintiff's state of citizenship is "USA" and Defendant's state of citizenship is "Mexico." From the Complaint, the Court can construe that Plaintiff and Defendant appear to be neighbors in New Jersey and although residence does not necessarily demonstrate domicile, as outlined above, it does suggest that the Court must proceed with caution and evaluate the assertions closely to determine whether this Court has jurisdiction.

To assert diversity jurisdiction successfully, Plaintiff needs to demonstrate that all parties in the matter are citizens of different States. This dispute among neighbors fails to adequately assert jurisdiction on its face. Further, Plaintiff is seeking $650.00 to repair her fence that Defendant allegedly damaged and seeks an undisclosed amount for the days she had to spend at a hotel due to Defendant's actions, for defamation of character, and for emotional damages. To successfully assert diversity jurisdiction Plaintiff must allege the amount in controversy exceeds $75,000.00. Based on these factual allegations by Plaintiff, the Court does not have jurisdiction to hear the matter in federal court.

Therefore,

3

IT IS HEREBY on this 14 day of May, 2025,

**ORDERED** that Plaintiff's IFP and Complaint are **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff has thirty (30) days to amend her pleadings in light of the deficiencies described in this Memorandum Opinion and Order, to file a new IFP or pay the $405 filing fee, and if Plaintiff fails to do so, the Court will Order the Clerk of Court to close the case; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.


KAREN M. WILLIAMS
United States District Judge

4